## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CHANEL FREEMAN            :
                                :      No. 20-cv-3354-JMY
        vs.                :
                                :
POLICE OFFICER JAMES MCGORRY   :
and THE CITY OF PHILADELPHIA     :

### MEMORANDUM

Younge, J.                                                          August 1, 2022

       Currently before the Court is a motion for summary judgment filed by the City of Philadelphia (Motion for Summary Judgment "MSJ", ECF No. 46) and a partial motion for summary judgment filed by Police Officer James McGorry. (Partial Motion for Summary Judgment "PMSJ", ECF No. 45.) The Court finds these motions appropriate for resolution without oral argument. See Fed. R. Civ. P. 78; L.R. 7.1(f). For the reasons set forth below, the Court will grant both motions and dismiss this lawsuit.

## I.    Summary of Relevant Procedural and Factual Background:

### A.    Procedural Summary:

       Plaintiff filed an Amended Complaint (ECF No. 7) in which she alleges various constitutional violations pursuant to 42 U.S.C. §§ 1983. Count I of the Amended Complaint states a claim against Officer McGorry for violation of the 4th, 5th, and 14th Amendments of the United States Constitution and the laws of the Commonwealth of Pennsylvania. (*Id.* ¶¶ 23-26.) Count II of her Amended Complaint states a *Monell* claim against the City under *Monell v. Dep't. of Soc. Serv.*, 436 U.S. 658, 691 (1987). (*Id.* ¶ 27-46.) Count III sets forth a claim for punitive damages. (Id. ¶¶ 47-48.) Count IV and V allege claims for assault and battery, false imprisonment (*Id.* ¶¶ 49-57) and intentional infliction of emotional distress. (*Id.* ¶¶ 58-61.)

After filing the Amended Complaint and litigating a Motion for Judgment on the

Pleadings, a dispute arose between Plaintiff and her attorney.  (Motion to Withdraw as Attorney,

ECF No. 33.)  The Court permitted Plaintiff's Counsel to withdraw (Order, ECF No. 38), and

Plaintiff now proceeds *pro se*.

**B.     Summary of Relevant Facts:**

The operative facts for Plaintiff's claim arise from her arrest on July 13, 2018 following

an alleged domestic dispute with her ex-boyfriend.  (Am. Compl. ¶ 8 & 11; ECF No.7.)

On July 9, 2018, Magistrate Judge James O'Brien issued a warrant for Plaintiff's arrest on

various criminal charges, including aggravated assault, robbery, and theft by unlawful taking.

(Arrest Warrant, PMSJ Ex B, ECF No. 45.)  Officer McGorry was not involved in the

investigation or prosecution of the criminal case brought against Plaintiff.  (McGorry's

Statement of Material Facts "SMF" ¶ 3.)

On July 13, 2018 at approximately 10:55 p.m., Officer McGorry and his partner, Officer

Klock, arrested Plaintiff at her home pursuant to the arrest warrant.  (SMF ¶ 5.)  While in the

process of conducting the arrest, Officer McGorry escorted Plaintiff to a police vehicle—she was

not in handcuffs.  (SMF ¶ 7; Freeman Deposition pages 17-18, 20-21, PMSJ Ex. E, ECF No. 45.)

During their walk to the police vehicle, Officer McGorry allegedly asked Plaintiff for her phone

number so that he could take her on a date.  (Amended Complaint ¶ 12.)  Plaintiff obliged and

gave Officer McGorry her phone number.  (*Id.* ¶ 12.)

As stated in the Amended Complaint, the next day on July 14, 2018, Officer McGorry

texted Plaintiff and asked her to meet him later that night, and the couple met for a second time

on the evening of July 14, 2018.  (*Id.* ¶ 13.)  During their second meeting, Officer McGorry told

Plaintiff that he was friends with the detective who was handling her criminal case.  (*Id.* ¶ 14.)

He then allegedly told Plaintiff that he could speak to his friend and that the charges against her would be dropped if Plaintiff would agree to "date [him], send pictures of herself when asked, and timely answer his texts and phone calls." (*Id.*)  Officer McGorry also offered to help Plaintiff resolve problems with her ex-boyfriend. (*Id.*)

Four days later, on or about July 18, 2018, Officer McGorry and Plaintiff met for a walk along the Schuylkill River. (*Id.* ¶ 15.)  Following their walk, the couple took a drive in Officer McGorry's sport utility vehicle (SUV) to a secluded area where Officer McGorry allegedly instructed Plaintiff to get in to the back of the SUV. (*Id.* ¶ 15.)  Officer McGorry allegedly "had a gun in plain view" at the time. (*Id.*)  According to Plaintiff, Officer McGorry attempted to rape her several times in the back of his SUV on July 18, 2018, but was unable to achieve an erection. (*Id.* ¶ 16-18.)

Plaintiff alleges that Officer McGorry repeatedly attempted to communicate with her by phone and text messages following the July 18, 2018 incident. (*Id.*)  Plaintiff avers that she received explicit photographs and that Officer McGorry requested nude photographs of Plaintiff. (*Id.*)  Plaintiff further avers that the situation reached the point where Officer McGorry began stalking her and requesting information concerning her whereabouts. (*Id.*)  Plaintiff ultimately contacted the Internal Affairs Bureau. (*Id.* ¶ 19.)

## II.   Legal Standard:

Summary Judgment is appropriate if the movant shows "that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  *Liberty Mut. Ins. Co. v. Sweeney*, 689 F.3d 288, 292 (3d Cir. 2012).  To defeat a motion for summary judgment, there must be a factual dispute that is both genuine and material. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 24-49 (1986); *Dee v. Borough of Dunmore*,

549 F.3d 225, 229 (3d Cir. 2008).  A material fact is one that "might affect the outcome of the suit under the governing law[.]" *Anderson*, 477 U.S. at 248.  A dispute over a material fact is "genuine" if, based on the evidence, "a reasonable jury could return a verdict for the nonmoving party." *Id*.

The movant bears the initial burden of demonstrating the absence of a genuine dispute of a material fact.  *Goldenstein v. Repossessors Inc.*, 815 F.3d 142, 146 (3d Cir. 2016).  When the movant is the defendant, they have the burden of demonstrating that the plaintiff "has failed to establish one or more essential elements of her case."  *Burton v. Teleflex Inc.,* 707 F.3d 417, 425 (3d Cir. 2013).  If the movant sustains their initial burden, "the burden shifts to the nonmoving party to go beyond the pleadings and come forward with specific facts showing that there is a genuine issue for trial."  *Santini v. Fuentes*, 795 F.3d 410, 416 (3d Cir. 2015) (internal quotation marks omitted) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

At the summary judgment stage, the court's role is not to weigh the evidence and determine the truth of the matter, but rather to determine whether there is a genuine issue for trial.  *See Anderson*, 477 U.S. at 249; *Jiminez v. All Am. Rathskeller, Inc.*, 503 F.3d 247, 253 (3d Cir. 2007).  In doing so, the court must construe the facts and inferences in the light most favorable to the non-moving party.  *See Horsehead Indus., Inc. v. Paramount Commc'ns, Inc.*, 258 F.3d 132, 140 (3d Cir. 2001).  Nonetheless, the court must be mindful that "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff."  *Anderson*, 477 U.S. at 252.

III.   **Discussion:**

The Court finds the arguments made by Defendants in their motions for summary judgment persuasive and will grant summary judgment on all of Plaintiff's federal claims.  The Court will decline to exercise jurisdiction over Plaintiff's state law claims.  In its motion for summary judgment, the City focuses primarily on the Plaintiff's inability to establish a pattern of similar incidents of misconduct – deliberate indifference – which is generally required to establish a *Monell* claim.  (MSJ page 3.)  Officer McGorry argues that Plaintiff's federal constitutional claims brought under the Fourth Amendment, Fifth Amendment, and Fourteenth Amendment procedural due process clause and equal protection clause should be dismissed.  (PSMJ page 1.)  However, Officer McGorry does not move to entirely dispense with Plaintiff's Fourteenth Amendment due process claim.  (*Id.*)  From a reading of the Amended Complaint, Officer McGorry infers that Plaintiff is advancing a substantive due process claim for violation of her right of privacy—a claim that Officer McGorry violated her right to bodily integrity.  (*Id.* page 7-8.)  He then declines to move for summary judgment on what he purports is Plaintiff's substantive due process claim for violation of her privacy right to bodily integrity.  (*Id.*)  Officer McGorry further concedes that triable issues of material fact exist on Plaintiff's claims brought under state law.  (*Id.* page 1.)

To the extent Officer McGorry seeks to have federal constitutional claims dismissed, the Court agrees with the arguments made by Officer McGorry.  However, the Court takes issue with his contention that this lawsuit should proceed in federal court based on Plaintiff's substantive due process claim for violation of her right of privacy—right to bodily integrity.  The Court will *sua sponte* dismiss Plaintiff's substantive due process claim.  Finding no viable

federal cause-of-action, the Court finds that federal question jurisdiction is lacking and will dismiss this lawsuit leaving Plaintiff to pursue her state law claims in state court.

A.      **Motion for Summary Judgment filed by the City of Philadelphia:**

The Court will dismiss Plaintiff's claims against the City because Plaintiff has failed to adduce any evidence to support a claim against the City under *Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658 (1978).  A municipality may be found liable under Section 1983 "where the municipality itself causes the constitutional violation at issue."  *City of Canton v. Harris*, 489 U.S. 378, 385 (1989) (citing *Monell*, 436 U.S. at 694-95).  Plaintiff has alleged that the City failed to train, supervise and/or investigate claims of sexual misconduct by Philadelphia Police Officers, and that the City failed to discipline Philadelphia Police Officers for sexual misconduct.  (Amended Complaint ¶¶ 31-36.)

As will be explained more fully below, Plaintiff's *Monell* claim fails for multiple reasons, but the Court's primary justification for dismissing this claim is based on Plaintiff's inability to establish that City officials were deliberately indifferent to a known risk.  "[M]unicipal liability attaches under §1983 where – and only where – a deliberate choice to follow a course of action is made from among various alternatives" by city policy makers.  *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483-84 (1986).  "Deliberate indifference is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *Connick v. Thompson*, 563 U.S. 51, 61 (2011) (citing *Board of Comm'rs of Bryan Cty. v. Brown*, 520 U.S. 397, 403 (1997)).  Plaintiff can show deliberate indifference by establishing (1) a pattern of conduct similar to the conduct at issue; and (2) failures to take constitutionally sufficient action as to this conduct.  *Connick*, 563 U.S. at 62; *Thomas v. Cumberland County*, 749 F.3d 217, 223 (3d Cir. 2014).

Plaintiff's *Monell* claim against the City based on legal theories of failure to supervise, investigate or discipline Philadelphia Police Officers in relationship to civilian complaints about sexual misconduct will be dismissed.  To succeed on a claim for failure to discipline or supervise, a plaintiff must establish "a municipality's deliberate indifference by showing that (1) the municipality knew its officers would require supervision or discipline; (2) there was a history of officer supervision or discipline being mishandled; and (3) in the absence of supervision or discipline, constitutional violations were likely to result."  *Forrest v. Parry*, 930 F.3d 93, 108 (3d Cir. 2019).

Plaintiff has failed to come forward with evidence to establish that there was a similar pattern of misconduct that matches the fact pattern of her case—Plaintiff has failed to establish deliberate indifference.  In her Amended Complaint, Plaintiff cites to various examples of what she characterizes as previous instances of sexual misconduct committed by Philadelphia Police Officers.  (Amended Complaint ¶¶ 34-36.)  The Court reviewed each of the Plaintiff's proffered examples when it dispensed with Defendants' motion for judgment on the pleadings.  (Order, ECF No. 26 page 4.)  Without belaboring the point herein by conducting an additional review of each example, it should suffice to say that the proffered examples of alleged sexual misconduct are factually distinguishable from this lawsuit.  In its Order denying Defendants' motion for judgment on the pleadings, the Court wrote, "the examples [of similar alleged misconduct] cited by Plaintiff do not match the specific fact pattern of her case."  (*Id.*)

The Court provided Plaintiff with an opportunity to conduct discovery to develop her *Monell* claim by denying Defendants' motion for judgment on the pleadings.  (*Id.*)  Plaintiff has now had the opportunity to engage in *Monell* discovery and has failed to come forward with similar instances of misconduct that match the fact of her lawsuit.  It should also be mentioned

that many of the proffered examples of alleged misconduct submitted by Plaintiff were temporally remote from her contact with Officer McGorry in July of 2018.  The temporally remote nature of these proffered examples seriously undermines Plaintiff's ability to establish a similar pattern of misconduct which would place City policy makers on notice of the need to take action—to establish that City policy makers were deliberately indifferent to a known risk.  (*Beck v. City of Pittsburgh*, 89 F.3d 966, 973 (3d Cir. 1996); *Watson v. Abington Twp.*, 478 F.3d 144, 156-57 (3d Cir. 2007) (a first instance of misconduct that occurred more than five (5) year before the incident at hand is insufficient to create a reasonable inference of a well-settled custom sufficient to preclude summary judgment); see also *Doe v. Allegheny Cty.*, No. 10-1761, 2013 U.S. Dist. LEXIS 43096, *38-39 (W.D. Pa. Mar. 27, 2013) (2004 incident of correctional staff sexual assault were too remote in time from alleged 2010 correctional staff assault to evidence a custom or practice).

Plaintiff equally fails to show that Officer McGorry had a disciplinary history that would place the City on notice of a need for special supervision, investigation or discipline.  Plaintiff failed to come forward with credible evidence to establish that Officer McGorry had a history of sexual misconduct prior to the events giving rise to this lawsuit.  Therefore, her *Monell* claim fails on the specific facts as they relate to Officer McGorry because she cannot show that the City was deliberately indifferent to a risk that he might present.  Plaintiff is also unable to put forth evidence supporting her theory that the City failed to sufficiently investigate and/or discipline officers concerning allegations of sexual misconduct during the relevant time period.  To the contrary, the Philadelphia Police Department conducted and internal investigation into Officer McGorry's conduct in connection with this lawsuit and underlying criminal charges that were brought against him.   (City's Statement of Material Facts ¶ 7, ECF No. 46-1.)  After

obtaining a search warrant to obtain digital information from Officer McGorry's cellphone, the

Philadelphia Police Department decided to discipline Officer McGorry despite the fact that the

Philadelphia District Attorney's Office declined to prosecute him.  (*Id.*)

Plaintiff's legal theory based on an alleged failure to train fails because, as discussed

above, Plaintiff is unable to show deliberate indifference—a necessary element of a failure to

train claim under *Monell*.  *Glass v. City of Philadelphia*, 455 F. Supp. 2d 302, 343-344 (E.D. Pa.

2006).  In addition to being unable to show deliberate indifference, Plaintiff's failure to train

claim fails because there is no obligation to specifically train police officers not to engage in

criminal conduct that is obviously illegal—such as sexual assault.  *See Hernandez v. Borough of

Palisades Park Police Dep't*, 58 F. App'x 909, 915 (3d Cir. 2003) (holding that failure to train

officers not to commit burglaries did not constitute deliberate indifference); *Hunter v. City of

Philadelphia*, No. 15-2737, 2015 U.S. Dist. LEXIS 160730, *11 (E.D. Pa. Dec. 1, 2015) (where

a police officer acts in a patently inappropriate manner such that "the proper response . . . is

obvious to all without training," an inference of deliberate indifference is not supported"); *Lamac

v. Buchanan*, No. 13-1338, 2016 U.S. Dist. LEXIS 94388, *3 (M.D. Pa. July 20, 2016) ("The

notion that a local government must train its elected officials to refrain from assaulting people on

the threshold to the township building during election days defies common sense, in that it is or

should be intuitively obvious that such conduct is impermissible."); *Romano v. Young*, No. 07-

1708, 2011 U.S. Dist. LEXIS 10986, *15 (E.D. Pa. Feb. 2, 2011) (granting summary judgment

on claim for failure to train on the possibility that male police officers may exercise undue

influence over a female civilian because it is "hardly obvious that a police officer, sworn to

uphold the law," would violate the rights "of the very citizens whom [he was] duty bound to

protect because [the officer] lacked training that instructed [him] that such activity was unlawful.").

It should also be mentioned that Plaintiff came forward with no evidence – such as an expert report – to establish any deficiency in training, including what was lacking in Philadelphia Police Department training, what training should have been provided, or how additional training could have prevented her alleged sexual assault.

For all of these reasons, Plaintiff's *Monell* claim fails and the City will be dismissed from this lawsuit on motion for summary judgment.

**B.     Partial Motion for Summary Judgment filed by Police Officer James McGorry:**

Plaintiff's federal constitutional claims against Officer McGorry brought under 42 U.S.C. § 1983 fail and summary judgment will be entered in favor of Officer McGorry.  Section 1983 provides a private cause of action for citizens for deprivations of their constitutional rights by a person acting under the color of state law.  42 U.S.C. § 1983. "By itself, Section 1983 does not create any rights, but provides a remedy for violations of those rights created by the Constitution or federal law."  *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906-907 (3d Cir. 1997), citing, *Baker v. McCollan*, 443 U.S. 137 (1979).  "In order to state a claim, plaintiff must show that the defendants, acting under color of state law, deprived him of a right secured by the Constitution or the laws of the United States."  *Id.*, citing, *Parratt v. Taylor*, 451 U.S. 527 (1981).  "[T]he first step in evaluating a section 1983 claim is to identify the exact contours of the underlying right said to have been violated, and to determine whether the plaintiff has alleged the deprivation of a constitutional right at all."  *Kaucher v. County of Bucks*, 455 F.3d 418, 423 (3d Cir. 2006), quoting, *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000).  Absent a constitutional violation, Plaintiff cannot make out a section 1983 claim.

1.      **Plaintiff's Claims against Officer McGorry Based on the Fourth Amendment Will Be Dismissed:**

Plaintiff's Fourth Amendment claims will be dismissed because her July 13, 2018, arrest was supported by probable cause, and no viable Fourth Amendment claim arises from her interaction with Officer McGorry after she was released from custody on July 14, 2018.

A pre-requisite for any Fourth Amendment claim is that the plaintiff be "seized" within the meaning of the Fourth Amendment. *Berg v. County of Allegheny*, 219 F.3d 261, 269 (3d Cir. 2000). A Fourth Amendment "seizure" occurs "[w]hen the state places constitutionally significant restrictions on a person's freedom of movement for the purpose of obtaining his presence at a judicial proceeding." *Schneyder v. Smith*, 653 F.3d 313, 321-22 (3d Cir. 2011). When a seizure does occur, it is only an "unreasonable seizure" which is actionable under the Fourth Amendment.

An arrest based on probable cause is reasonable as a matter of law, and not a violation of the Fourth Amendment. *Baker v. McCollan*, 443 U.S. 137, 143-144 (1979). A police officer acts in accordance with the Fourth Amendment when he makes an arrest based on a facially valid warrant, and the officer has no duty to investigate the detainee's claims of innocence. *Id*. Furthermore, while the use of force in the course of a seizure can violate the Fourth Amendment, it is only the use of force that is not objectively reasonable under the circumstances that violates the constitution. *Groman v. Twp. Of Manalapan*, 47 F.3d 628, 634 (3d Cir. 1995).

There is no dispute that Plaintiff was arrested on July 13, 2018, based on a facially valid warrant which was supported by probably cause. Therefore, Officer McGorry's involvement in Plaintiff's arrest did not violate the Fourth Amendment. Plaintiff's own testimony establishes that Officer McGorry did not use physical force when he arrested Plaintiff, so no claim for unreasonable use of excessive force has been has been established under the Fourth Amendment.

Any interaction that took place between the two individuals after July 14, 2018 after Plaintiff was released on bail, does not constitute a seizure within the meaning of the Fourth Amendment. When Plaintiff met with Officer McGorry after her release from jail she simply was not detained or arrested for the purpose of securing her attendance at a judicial proceeding.  A Fourth Amendment seizure requires that the government terminate a person's freedom of movement through means intentionally applied, *Brower v. County of Inyo*, 489 U.S. 593, 596 (1989), in such a manner that a reasonable person would believe that she was not free to leave.  *U.S. v. Mendenhall*, 446 U.S. 544, 554 (1980).  If a reasonable person would feel free to disregard the police and decline their requests, a seizure has not occurred.  *Id.*

2.      **Plaintiff's Claims against Officer McGorry Based on the Fifth Amendment Will Be Dismissed:**

Plaintiff's legal theory that Officer McGorry violated the Fifth Amendment Due Process Clause fails because the Fifth Amendment Due Process clause is only appliable to the federal government and does not apply to state officials like Officer McGorry acting under state law. At the time of this incident, Officer McGorry was alleged to be a City of Philadelphia Police Officer—a state official.  Therefore, his alleged improper conduct could not be said to violate the Fifth Amendment Due Process Clause.  *See Brandywine Vill. Assocs. v. East Brandywine Twp.*, No. 20-2225, 2020 U.S. Dist. LEXIS 167350, *14 (E.D. Pa. Sept. 14, 2020); *Myers v. County of Somerset*, 515 F.Supp.2d 492, 503 (D.N.J. 2007) (collecting cases).  "Accordingly, the rights provided by the Fifth Amendment do not apply to the actions of state officials."  *Myers*, 515 F.Supp.2d at 503.

3.      **Plaintiff's Claims against Officer McGorry Based on the Fourteenth Amendment Will Be Dismissed:**

Plaintiff has failed to develop a viable Fourteenth Amendment claim against Officer McGorry.  Plaintiff's Amended Complaint alleges unspecified violations of her Fourteenth Amendment rights to due process and equal protection under the law.  (Amended Complaint ¶¶ 23-26.)  The Court provided Plaintiff with an opportunity to conduct discovery to develop her Fourteenth Amendment claims despite the dubious nature of her pleadings.  (Order denying Defendants' motion for judgment on the pleadings.)  After being provided an opportunity to conduct discovery, Plaintiff has failed to present any argument or evidence to establish a viable Fourteenth Amendment claim.

Plaintiff comes forward with no evidence to support her Fourteenth Amendment equal protection claim.  "To succeed on a § 1983 equal protection claim [under the Fourteenth Amendment], Plaintiff must allege facts demonstrating 'purposeful discrimination' and that [s]he 'receiv[ed] different treatment from that received by other individuals similarly situated.'" *Green v. Chester Upland Sch. Dist.*, 89 F. Supp. 3d 682, 693 (E.D. Pa. 2015).  To plead an equal protection claim, "Plaintiff must allege that [s]he was: (1) a member of a protected class; (2) similarly situated to members of an unprotected class; and (3) treated differently from members of the unprotected class." *Green*, 89 F.Supp.3d at 693, citing, *Oliveira v. Twp. of Irvington*, 41 F. App'x. 555, 559 (3d Cir.2002), and *Keenan v. City of Philadelphia*, 983 F.2d 459, 465 (3d Cir.1992).

A review of the facts and evidence in this lawsuit with an eye towards the tripartite test for establishing an equal protection claim illustrates that Plaintiff is an African American woman (Freeman Deposition page 20), which makes her a member of a protected class.  Beyond this, there are no facts establishing any of the other elements of an equal protection claim.  There are

no facts suggesting any discrimination against Plaintiff, let alone discrimination on the basis of

race.  Plaintiff likewise presents no facts to suggest disparate treatment.  This lawsuit concerns a

relationship between Plaintiff and Officer McGorry and not unequal treatment of Plaintiff

compared to others due to her sex or race.  Consequently, Plaintiff's equal protection claim will

be dismissed.

To the extent Plaintiff pled a procedural due process claim, that claim will be dismissed.

To set out a claim for deprivation of procedural due process, "[t]he plaintiff must establish: '(1)

he was deprived of an individual interest that is encompassed within the Fourteenth

Amendment's protections of 'life, liberty, or property,' and (2) the procedures available to him

did not provide due process of law.'" *Verdier v. Borough*, 796 F. Supp.2d 606, 629 (E.D. Pa.

2011), quoting, *Hill v. Borough of Kutztown*, 455 F.3d 225, 234 (3d Cir. 2006).  A procedural

due process claim is premised upon the procedures made available by the state and tests the

sufficiency of the pre-deprivation procedures available before a taking, or the post-deprivation

procedures available after a taking.  *Id.*  There is no viable procedural due process cause of

action against an individual state actor for allegedly depriving the plaintiff of a property right or

a process by which to vindicate that right.  *See Hudson v. Palmer*, 468 U.S. 517, 532 (1984)

(dismissing procedural due process claim against prison guard); *Ball v. Oden*, 425 F. App'x. 88,

89 (3d Cir. 2011) (dismissing procedural due process claims against prison guards in their

individual capacity under *Hudson*); *Shakur v. Coelho*, 421 F. App'x. 132, 135 (3d Cir. 2011)

(dismissing procedural due process claim against individual prison guards for unauthorized

deprivations of property); *Brown v. Muhlenberg Twp.*, 269 F.3d 205, 213 (3d Cir. 2001)

(rejecting claim that police officer could be liable for procedural due process violation in

shooting plaintiff's dog, citing *Hudson*).

14

Plaintiff's procedural due process claim fails because she has not established that she was deprived of any constitutionally protected procedural due process right.  To the contrary, Plaintiff was arrested on a valid warrant, and she testified that the charges against her were dropped after she provided video evidence to demonstrate her innocence.  (Freeman Deposition page 75.)  Therefore, everything suggests that the judicial system functioned properly in relationship to the criminal charges lodged against Plaintiff.  Furthermore, Plaintiff does not aver, argue, or provide evidence to suggest that Officer McGorry did anything to impede or frustrate the criminal proceeding brought against her.  Plaintiff alleges that Officer McGorry offered to help her with criminal case and problems with her ex-boyfriend if she would maintain a social relationship with him.  There is nothing to suggest that Officer McGorry's alleged unethical and improper conduct created a procedural due process violation in relationship to Plaintiff.

The Court will *sua sponte* dismiss any potential substantive due process claim that Plaintiff could be said to advance based on her privacy right to bodily integrity.  (See Amended Complaint ¶¶ 24-25.)  To state a claim under 42 U.S.C. § 1983, Plaintiff must plead a deprivation of a constitutional right caused by a person acting under color of state law.  *Chainey v. Street*, 523 F.3d 200, 219 (3d Cir. 2008).  In her Complaint, Plaintiff alleges that Officer McGorry, under the cloak of his role as a Philadelphia Police Officer, deprived her of due process, and she references her "right to be free in her person."  (Amended Complaint ¶ 25.a.)

An individual's liberty interest in personal bodily integrity is included within the protections of the Fourteenth Amendment.  *Bridges v. Scranton Sch. Dist.*, 644 F. App'x 172, 176 (3d Cir. 2016).  Indeed, "[e]very violation of a person's bodily integrity is an invasion of his or her liberty," *Washington v. Harper*, 494 U.S. 210, 237 (1990) (Stevens, J., concurring in part

15

and dissenting in part), and an "individual's right to bodily integrity is a fundamental right and liberty interest protected by substantive due process." *Logan v. Bd. of Educ. of Sch. Dist. of Pittsburgh*, No. 15-499, 2016 U.S. Dist. LEXIS 172612, at *14 (W.D. Pa. Dec. 14, 2016) (citing *Washington v. Glucksberg*, 521 U.S. 702, 720 (1997)).  In order to prevail on her substantive due process claim, Plaintiff must show that Officer McGorry deprived her of her right to bodily integrity and that such deprivation "shocks the conscience." *Chainey*, 523 F.3d at 219.

The fact that Officer McGorry asked Plaintiff for her phone number and asked her on a date while he was arresting her was improper and inappropriate.  However, the Court does not believe that his infraction "shocks the consciences" to such an extent that it gives rise to a substantive due process claim under the Fourteenth Amendment.  *Nagle v. McKernan*, 2007 U.S. Dist. LEXIS 73139, *6 (N.D. Ill. Sep. 28, 2007) (finding no substantive due process violation where fire marshal appeared at a woman's place of work under pretext of conducting a fire safety inspection, gave her a love note, and hugged her inappropriately); *Decker v. Tinnel*, No. 04-cv-227, 2005 U.S. Dist. LEXIS 38559, *26-27 (N.D. Ind. Dec. 20, 2005) (claim that police officer kissed and groped a woman during a police ride-along did not rise to the level of a deprivation of due process).

The Court is of the opinion that the interactions that took place between Plaintiff and Officer McGorry after she was released from jail on July 14, 2018 do not give rise to a substantive due process claim.  When the couple met in person, Officer McGorry was off-duty, and not wearing a uniform.  Plaintiff alleges that Officer McGorry offered to speak with the detective who was handling her criminal case, and to help her with her problems with her ex-boyfriend.  (Freeman Deposition pages 29, 34, 75.)  Plaintiff was aware that Officer McGorry's

conduct was inappropriate as evidenced by her testimony that, as of July 16, 2018, she intended

to report Officer McGorry to Internal Affairs or the Court.  (Freeman Deposition page 199.)  She

further testified that she simply played along with Officer McGorry's advances so that she could

gather more evidence against him and build a case.  (Freeman Deposition 75, 98.)  Under the

facts of this case, no substantive due process violation occurred.

    **4.**    **The Court Will Decline to Exercise Jurisdiction over the Remaining State Law Claims and Will Dismiss Those Claims Without Prejudice:**

Having granted summary judgment as to Plaintiff's federal-law claims, the Court also

dismisses without prejudice Plaintiff's state law claims for assault and battery (Amended

Complaint ¶¶ 49-52), false imprisonment (*Id.* ¶¶ 53-57), intentional infliction of emotional

distress (*Id.* ¶¶ 58-61).  A district court may decline to exercise supplemental jurisdiction if it has

dismissed all the claims over which it had original jurisdiction.  28 U.S.C. § 1367(c)(3).  In non-

diversity cases where the court grants summary judgement or dismisses all federal claims before

trial, the general rule is that a district court should decline to exercise supplemental

jurisdiction over the state law claims absent "extraordinary circumstances."  *Tully v. Mott*

*Supermarkets, Inc.*, 540 F. 2d 187, 195 (3d Cir. 1976); *Johnson v. Trans Union, LLC*, No. 12-

5272, 2013 U.S. Dist. LEXIS 71538, *12 (E.D. Pa. May 21, 2013) (declining to exercise

jurisdiction over state claims since federal claims were did not survive dismissal which

eliminated original jurisdiction).

Finding that there is no federal question presented in this lawsuit, the Court will decline

to exercise jurisdiction over Plaintiff's state law claims which will be dismissed without

prejudice.

**IV.     Conclusion:**

For these reasons, Defendants' motions for summary judgment will be granted, and this action will be dismissed.  An appropriate order shall follow.


BY THE COURT:

   /s/ John Milton Younge
Judge John Milton Younge